## John Davidson, Plff. in Err., *v.* Commonwealth of Pennsylvania.

The return of a constable, under oath, of a sale of liquor by one without a license, is a sufficient warrant for the action of the quarter sessions in directing an indictment against such person for selling liquor, to be laid before the grand jury.

(Decided November 15, 1886.)

Argued October 26, 1886, before GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. October Term, 1886, No. 33, W. D. Error to the Court of Quarter Sessions of Allegheny County to review a judgment on conviction on an indictment for selling liquor in a prohibitory district. Affirmed.

Cited in Com. v. Smith, 4 Pa. Super. Ct. 1, 14 Lanc. L. Rev. 159, 167.

NOTE.—Constables are bound by law to make return of certain offenses on the day fixed for the meeting of the grand jury. Act March 18, 1875 (P. L. 28, § 3). Such a return is sufficient to authorize the court to issue process to bring in the offender, and to direct the district attorney to frame a bill for submission to the grand jury. McCullough v. Com. 67 Pa. 30. Leave of court must be obtained to so act. Com. v. Pfaff, 17 Pa. Co. Ct. 302, 5 Pa. Dist. R. 59, 26 Pittsb. L. J. N. S. 254; Com. v. Powers, 17 Pa. Co. Ct. 304. Indictments so based have been sustained where a nuisance was charged (Com. v. Bredin, 165 Pa. 224, 30 Atl. 921; Com. v. Lehigh Valley R. Co. 165 Pa. 164, 27 L. R. A. 231, 30 Atl. 836; Com. v. New Bethlehem, 15 Pa. Super. Ct. 158) ; or election offenses (Com. v. Warner, 17 Pa. Co. Ct. 556) ; or liquor offenses (McCullough v. Com. 67 Pa. 30; Com. v. Beldham, 15 Pa. Super. Ct. 33; Com. v. Pfaff, 17 Pa. Co. Ct. 302, 5 Pa. Dist. R. 59, 26 Pittsb. L. J. N. S. 254) ; or fornication and bastardy, (Com. v. Miles, 21 Pa. Co. Ct. 553, 29 Pittsb. L. J. N. S. 247).

The return of a constable of South Fayette township was made to the court under oath that John Davidson had sold liquor in such township. The record of the court showed that the plaintiff in error had no license to sell liquor in said township. The district attorney drew an indictment against the defendant, and the court below directed it to be laid before the grand jury. October 16, a true bill was found against defendant by the grand jury and on November 24 he was tried, convicted, and sentenced. A special *allocatur* was granted by the supreme court, and defendant took this writ of error, assigning, *inter alia,* as error the action of this court in overruling his motion to quash the indictment.

*John S. Robb* and *W. D. Moore* for plaintiff in error.

*W. D. Porter,* Dist. Atty., for the commonwealth.

PER CURIAM:

The return of the constable was a sufficient warrant for the action of the court of quarter sessions in directing the indictment against the defendant below to be laid before the grand jury. The duties of constables and courts, in cases of this kind, are so thoroughly discussed in McCullough v. Com. 67 Pa. 32, that we need but refer to it; and an inspection of that case will at once show that the court below was justified in doing what it did. The other exception is so utterly without merit that special notice of it is unnecessary.

Judgment affirmed, and it is ordered that the records be remitted to the Court of Quarter Sessions for execution.