459 Pa. 91 (1974)
327 A.2d 86
COMMONWEALTH of Pennsylvania
v.
Richard O.J. MAYBERRY, Appellant.
Supreme Court of Pennsylvania.
Argued April 29, 1974.
Decided October 16, 1974.
*92 *93 *94 Jack J. Levine, Philadelphia, for appellant.
F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, First Asst. Dist. Atty., David Richman, Asst. Dist. Atty., Chief Appeals Div., Stephen J. Mathes, Philadelphia, for appellee.
Before JONES, C.J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

OPINION
ROBERTS, Justice.
This is an appeal from judgments of sentence imposed after a 1972 finding that appellant was in contempt of court on four occasions during his 1966 trial for perjury. Six months imprisonment was assessed as punishment for each of the four acts of contempt. Because the sentences actually imposed exceeded six months and because appellant, despite a timely request, was not afforded the opportunity to be tried by jury, we reverse and remand *95 for a new trial. See Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974).
The history of the present appeal begins with appellant's 1961 plea of guilty to charges of prison breach. Two years later appellant filed a petition for habeas corpus in the Philadelphia Court of Common Pleas, claiming that his 1961 plea was coerced; this claim was denied. As a result of representations made by appellant in his petition, he was charged with committing perjury. In 1966, he was tried for perjury and a jury found him guilty.[1]
At the conclusion of the perjury trial, the trial court found that appellant had been in contempt of court on five occasions during that trial. For each of these five acts of contumacious behavior, sentence was imposed at one year imprisonment, with the sentences to run consecutively.[2] This Court affirmed. Commonwealth v. Mayberry, 435 Pa. 290, 255 A.2d 548 (1969).
Appellant later sought federal habeas corpus relief[3] on the basis of Mayberry v. Pennsylvania, 400 U. S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971).[4] That decision *96 held that where a trial court "becomes embroiled in a running, bitter controversy" and does not act until the end of trial,[5] "by reason of the Due Process Clause of the Fourteenth Amendment a defendant in criminal contempt proceedings should be given a public trial before a judge other than the one reviled by the contemnor." Id. at 465, 466, 91 S.Ct. at 505. See also Taylor v. Hayes, 418 U.S. 488, 495-501, 94 S.Ct. 2697, 2702-2704, 41 L. Ed.2d 897 (1974). Compare Commonwealth v. Patterson, 452 Pa. 457, 308 A.2d 90 (1973). The federal habeas judge agreed with appellant's claim and ordered that he be retried before a judge other than the one who presided at the perjury trial. United States ex rel. Mayberry v. Johnson, Civil No. 71-1862 (E.D.Pa., filed Sept. 22, 1971). The Commonwealth took no appeal from this ruling.
Prior to retrial appellant moved that the proceedings commence by preliminary hearing, indictment, and complaint. This motion was denied.
*97 On March 29, 1972, a second trial was held with another judge from the Philadelphia Court of Common Pleas presiding. Appellant timely asserted that he had a right to be tried by jury. This motion was refused and the trial court found him guilty of four acts of contemptuous behavior.[6] Appellant was this time sentenced to six months imprisonment for each contempt, with the sentences to run consecutively for a total of twenty-four months imprisonment.[7] This appeal ensued.[8]

I
The Constitution[9] requires that one accused of a "serious offense" be given a jury trial. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Cf. District of Columbia v. Clawans, 300 U.S. 617, 624-625, 57 S.Ct. 660, 661-662, 81 L.Ed. 843 (1937); Callan v. Wilson, 127 U.S. 540, 557, 8 S.Ct. 1301, 1307, 32 L.Ed. 223 (1888). No exception to this constitutional first principle is made for criminal contempt, direct or indirect, because "[c]riminal contempt is a crime in the ordinary sense; it is a violation of the law, a public wrong which is punishable by fine or imprisonment or both." Bloom v. Illinois, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968).[10] Indeed, Bloom *98 specifically held that the right to jury trial "must also be extended to criminal contempt cases." Id. at 208, 88 S.Ct. at 1485. But Bloom also made clear that "criminal contempt is not a crime of the sort that requires the right to jury trial regardless of the penalty involved." Id. at 211, 88 S.Ct. at 1487. See also Taylor v. Hayes, 418 U.S. 488, 496, 94 S.Ct. 2697, 2702, 41 L.Ed.2d 897 (1974).
The question becomes whether the crime charged, criminal contempt or otherwise, is "serious."[11] The test is clear. The decisions of the Supreme Court of the United States "have established a fixed dividing line between petty and serious offenses: those crimes carrying more than six months sentence are serious and those carrying less are petty crimes." Codispoti v. Pennsylvania, 418 U.S. 506, 512, 94 S.Ct. 2687, 2691, 41 L.Ed.2d 912 (1974). See Taylor v. Hayes, supra; Baldwin v. New York, 399 U.S. 66, 68-69, 90 S.Ct. 1886, 1888, 26 L. Ed.2d 437 (1970); Frank v. United States, 395 U.S. 147, 149-150, 89 S.Ct. 1503, 1505-1506, 23 L.Ed.2d 162 (1969); Commonwealth v. Patterson, 452 Pa. 457, 463 n. 3, 308 A.2d 90, 93-94, n. 3 (1973); Commonwealth v. Bethea, 445 Pa. 161, 282 A.2d 246 (1971); Commonwealth v. Fletcher, 441 Pa. 28, 269 A.2d 727 (1971).
Ordinarily this task is accomplished by viewing the permissible sentences authorized by the Legislature for a crime. Baldwin v. New York, supra; Dyke v. Taylor Implement Manufacturing Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); see Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966); cf. Louisiana State Board of Medical Examiners v. Bates, 258 La. 1049, 249 So.2d 127 (1971). Where, however, *99 the Legislature has not fixed the maximum penalties that may be imposed on a conviction for a crime, then in order to determine whether a jury trial is required, a court must consider the sentence actually imposed. Codispoti v. Pennsylvania, supra, at 515, 94 S.Ct. at 2693; Taylor v. Hayes, supra, at 495, 94 S.Ct. at 2701-2702; Frank v. United States, supra; Cheff v. Schnackenberg, supra. Cf. In re Dellinger, 370 F.Supp. 1304, 1307, n. 5 (N.D. Ill. 1973). If the sentence actually imposed is greater than six months, then the accused must be afforded an opportunity to be tried by jury. Codispoti v. Pennsylvania, supra; Baldwin v. New York, supra; Cheff v. Schnackenberg, supra, at 379-380, 86 S.Ct. at 1526.
In this Commonwealth the Legislature has not indicated the limits of imprisonment that may be imposed as a sentence for a conviction of direct criminal contempt. See Act of June 16, 1836, P.L. 784, §§ 23, 24, 17 P.S. §§ 2041, 2042 (1962). Therefore, our inquiry turns to the sentence actually assessed.
Here, the sentences of incarceration totalled twenty-four months. Yet, despite appellant's timely request, he was denied his constitutional right to a jury trial. Codispoti v. Pennsylvania, supra. Appellant, therefore, is entitled to a new trial, this time before a jury of his peers if he so desires.
The Commonwealth argues that since each sentence was only for six months, a jury trial is not required. See Commonwealth v. Snyder, 443 Pa. 433, 440-442, 275 A.2d 312, 317 (1971). However, this argument was nicely laid to rest by the United States Supreme Court in Codispoti.
"We find unavailing [the] contrary argument that petitioners' contempts were separate offenses and that, because no more than a six months' sentence was imposed for any single offense, each contempt was necessarily a petty offense triable without a jury. Notwithstanding *100 [this] characterization of the proceeding, the salient fact remains that the contempts arose from a single trial, were charged by a single judge and were tried in a single proceeding. The individual sentences imposed were then aggregated, one sentence taking account of the others and not beginning until the immediately preceding sentence had expired."
418 U.S. at 517, 94 S.Ct. at 2693-2694. See also United States v. Seale, 461 F.2d 345, 352-356 (7th Cir. 1972).
In this case, the individual contempts arose at a single trial, were charged by a single judge, were tried in a single proceeding, and the individual sentences were aggregated. This appellant thus falls within the Codispoti rule.
Although Codispoti was announced subsequent to appellant's second trial, it is plain that he is to be given the benefit of that decision. "The general rule . . . is that an appellate court must apply the law in effect at the time it renders its decision." Thorpe v. Housing Authority, 393 U.S. 268, 281, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969).[12] The United States Supreme Court has recently and unanimously reaffirmed this principle.[13] *101 Bradley v. School Board, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974) (Blackmun, J.); see Commonwealth v. Saunders, 456 Pa. 406, 322 A.2d 102 (1974). And the Supreme Court has made it clear that the general rule applies to criminal prosecutions not yet final when the change in the law is announced. Hamling v. United States, 418 U.S. 87, 100-102, 94 S.Ct. 2887, 2899-2900, 41 L.Ed.2d 590 (1974) (Rehnquist, J.).
Moreover, affording appellant the benefit of Codispoti will further the harmonious relationship of federal and state courts. To pursue any other path will only discourage a healthy comity between our systems, for it is clear that Codispoti, in the federal view, would entitle appellant to a new trial. To deny appellant the opportunity to be tried by jury with the known certainty that he can "walk across the street" and obtain federal relief strains the effective administration of justice. This sort of situation only encourages disrespect for the law, increases unnecessarily the workload of federal courts, frustrates our trial courts, and endangers the integrity of our judgments. There is no reason to follow such an unproductive, unresponsive, and unrealistic course. More pointedly, there are good reasons  grounded in fairness and settled appellate court practice  to reject it.

II
Appellant also argues that criminal contempt charges must proceed only by complaint, preliminary hearing, and indictment. We cannot agree. The Constitution certainly requires that appellant be given fair notice of the charges against him and an opportunity to be heard. E.g., Taylor v. Hayes, 418 U.S. 488, 495-500, 94 S.Ct. 2697, 2702-2704, 41 L.Ed.2d 897 (1974); Groppi v. Leslie, 404 U.S. 496, 502-503, 92 S.Ct. 582, 586-587, 30 *102 L.Ed.2d 632 (1972); In re Oliver, 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 (1948).[14] But no need exists to fit criminal contempt, a crime sui generis, into the mold of procedures created for more commonplace offenses.[15]Taylor v. Hayes, supra; Groppi v. Leslie, supra; see United States v. Bukowski, 435 F.2d 1094, 1099-1102 (7th Cir. 1970), cert. denied, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971). See also United States v. Seale, 461 F.2d 345, 356 n. 19 (7th Cir. 1972). This Court has in the past recognized that due process is a flexible concept and not one wed to fixed formalities. E.g., Commonwealth v. McCloskey, 443 Pa. 117, 277 A.2d 764, cert. denied, 404 U.S. 1000, 92 S.Ct. 563, 30 L.Ed.2d 552 *103 (1971). With this the United States Supreme Court is in complete agreement. See Groppi v. Leslie, 404 U.S. at 500, 92 S.Ct. at 585; Cafeteria & Restaurant Workers Union, Local 473 v. McElroy, 367 U.S. 886, 894-895, 81 S.Ct. 1743, 1748-1749, 6 L.Ed.2d 1230 (1961); Hannah v. Larche, 363 U.S. 420, 80 S.Ct. 1502, 4 L.Ed.2d 1307 (1960).
Certainly the Constitution does not require any particular mode of informing an accused of the charges against him. Taylor v. Hayes, 418 U.S. at 495-500, 94 S.Ct. at 2702-2704; Groppi v. Leslie, 404 U.S. at 502, 92 S.Ct. at 586 (1972); Fed.R.Crim.P. 42(b). Neither is there a constitutional right, federal[16] or state,[17] to a preliminary hearing. Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387 (1970); see Commonwealth v. McCloskey, 443 Pa. 117, 131-133, 277 A.2d 764, 771-772, cert. denied, 404 U.S. 1000, 92 S.Ct. 563, 30 L. Ed.2d 552 (1971). Nor does the United States Constitution require states to proceed against an accused by means of a grand jury indictment or presentment.[18] *104 Hurtado v. California, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884); see Beck v. Washington, 369 U.S. 541, 545, 82 S.Ct. 955, 957-958, 8 L.Ed.2d 98 (1962). And it would be anomalous indeed for this Court to require as a matter of state law that criminal contempt charges proceed by grand jury indictment when the voters of this Commonwealth have recently amended our Constitution to provide to each of the several courts of common pleas, with the approval of this Court, the option of eliminating indictment altogether. Pa.Const. art. I, § 10 (adopted Nov. 6, 1973). See Sheets v. City of Hagerstown, 204 Md. 113, 102 A.2d 734 (1954).
It is further maintained that our rules of criminal procedure[19] mandate the use of complaint,[20] *105 preliminary hearing,[21] and indictment for charges of criminal contempt. This is not so. Our rules were not written to supersede the legislative direction that summary procedures may be used to deal with contempts which, inter alia, involve "the misbehavior of any person in the presence of the court, thereby obstructing the administration of justice." Act of June 16, 1836, P.L. 784, § 23, 17 P.S. § 2041 (1962); see id. § 24, 17 P.S. § 2042 (1962). And see Commonwealth v. Lofton, 389 Pa. 273, 133 A.2d 203 (1957). As we said in the context of investigating grand juries, "The Rules of Criminal Procedure at present simply do not concern themselves with this long established practice, nor do they foreclose any of the other traditional exceptions to proceeding by a preliminary *106 hearing." Commonwealth v. McCloskey, 443 Pa. 117, 129, 277 A.2d 764, 770 (footnote omitted), cert. denied, 404 U.S. 1000, 92 S.Ct. 563, 30 L.Ed.2d 552 (1971); see Commonwealth v. Bunter, 445 Pa. 413, 420-422, 282 A.2d 705, 708-709 (1971). Similarly, our criminal procedural rules are not designed for the initiation of summary criminal contempt proceedings.
However, the Constitution does require that a contemnor "should have reasonable notice of the specific charges and opportunity to be heard in his own behalf." Taylor v. Hayes, 418 U.S. at 499, 94 S.Ct. at 2703. Accord, Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950);[22]Morgan v. United States, 304 U. S. 1, 18, 58 S.Ct. 773, 776, 82 L.Ed. 1129 (1938); Grannis v. Ordean, 234 U.S. 385, 394-396, 34 S.Ct. 779, 783, 58 L.Ed. 1363 (1914); In re Dellinger, 370 F.Supp. 1304 (N.D.Ill. 1973).
On retrial, appellant is to be given the opportunity to be tried by jury. And he must be afforded reasonable notice of the specific contempt charges against him.
Judgment of sentences reversed and a new trial granted consistent with this opinion.
JONES, C.J., dissents.
*107 POMEROY and NIX, JJ., concur in the result of Part I of this Opinion and join Part II.
MANDERINO, J., concurs in the result.
NOTES
[1] The Superior Court affirmed, this Court denied a petition for allocatur, and the United States Supreme Court denied certiorari. Commonwealth v. Mayberry, Nos. 1586-88, Oct. Sess. 1963, (Pa. Q.S.Phila., filed Sept. 8, 1967), aff'd per curiam, 211 Pa.Super. 719, 234 A.2d 207, allocatur denied, (Pa., Feb. 9, 1968), cert. denied, 393 U.S. 879, 89 S.Ct. 181, 21 L.Ed.2d 152 (1968).
[2] Commonwealth v. Mayberry, Nos. 1586, 1588, Oct. Sess. 1963 (Pa.Q.S.Phila., filed Sept. 12, 1967), aff'd, 435 Pa. 290, 255 A.2d 548 (1969).
[3] 28 U.S.C.A. §§ 2241-2255 (1971).
[4] Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed. 2d 532 (1971), also involved the instant appellant. However, that case arose out of proceedings in Allegheny County. At the retrial mandated by the Supreme Court in Mayberry, this appellant was tried with two codefendants, Dominick Codispoti and Herbert Langnes. At this trial each defendant was found guilty of several acts of contempt, and sentences aggregating more than six months were imposed. This Court per curiam affirmed without opinion. Commonwealth v. Mayberry, 453 Pa. 619, 306 A.2d 294 (1973). A petition for certiorari was granted limited to the question whether the petitioners were entitled to a jury trial. The Supreme Court held they were and reversed, Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974).
[5] The trial court of course retains the power to punish summarily during the course of the trial contempts occurring in its presence. The United States Supreme Court has repeatedly affirmed the constitutional propriety of this power. E.g., Codispoti v. Pennsylvania, 418 U.S. 506, 513-515, 94 S.Ct. 2687, 2692, 41 L.Ed.2d 912 (1974) (plurality opinion); Johnson v. Mississippi, 403 U.S. 212, 214, 91 S.Ct. 1778, 1779, 29 L.Ed.2d 423 (1971) (per curiam) ("Instant action may be necessary where the misbehavior is in the presence of the judge and is known to him, and where immediate corrective steps are needed to restore order and maintain the dignity and authority of the court."); Mayberry v. Pennsylvania, 400 U.S. 455, 463, 91 S.Ct. 499, 504, 27 L.Ed.2d 532 (1971) ("As these separate acts or outbursts took place . . . the trial judge to keep order in the courtroom . . . could, with propriety, have instantly acted, holding petitioner in contempt, or excluding him from the courtroom, or otherwise insulating his vulgarity from the courtroom."); Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). See generally Dobbs, Contempt of Court: A Survey, 56 Cornell L.Rev. 183 (1971); ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge §§ 6.1-7.5 (Approved Draft, 1972).
[6] Commonwealth v. Mayberry, Nos. 1586-88, Oct. Sess. 1963 (Pa. C.P.Phila., filed Dec. 5, 1972).
[7] The March 13, 1973 sentence of the court reads:

"six (6) months in the Philadelphia County Prison as to each separate citation; (total twenty-four (24) months); the said sentences to run consecutively, and to begin at the conclusion of any other sentence the Defendant may presently be serving. Defendant to be given credit for time served."
[8] Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(5), 17 P.S. § 211.202(5) (Supp. 1974).
[9] U.S.Const. amend. VI; Pa.Const. art. I, §§ 6, 9, P.S.
[10] Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), applies to all contempt trials occurring after May 20, 1968. DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968) (per curiam). See Codispoti v. Pennsylvania, 418 U.S. 506, 513 n. 5, 94 S.Ct. 2687, 2691-2692 n. 5, 41 L.Ed.2d 912 (1974).
[11] Although one accused of a "petty" offense is not constitutionally entitled to a jury trial, the United States Supreme Court has held that "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Argersinger v. Hamlin, 407 U.S. 25, 37, 92 S.Ct. 2006, 2012, 32 L.Ed.2d 530 (1972) (footnote omitted).
[12] This rule and the reasons for it were first explicated by Chief Justice Marshall in United States v. Schooner Peggy, 5 U.S. (1 Cranch) 103, 2 L.Ed. 49 (1801).

"It is in the general true that the province of an appellate court is only to inquire whether a judgment, when rendered, was erroneous or not. But if subsequent to the judgment and before the decision of the appellate court a law intervenes and positively changes the rule which governs, the law must be obeyed, or its obligation denied. If the law be constitutional. . . I know of no court which can contest its obligation. It is true that in mere private cases between individuals, a court will and ought to struggle hard against a construction which will, by a retrospective operation, affect the rights of parties . . . . In such a case the court must decide according to existing laws, and if it be necessary to set aside a judgment rightful, when rendered, but which cannot be affirmed but in violation of law, the judgment must be set aside."
Id. at 110.
[13] It makes no difference whether the change in the law occurring between the judgment of the nisi prius court and the decision of the appellate court is constitutional, statutory, judicial, or administrative. Thorpe v. Housing Authority, 393 U.S. 268, 282, 89 S.Ct. 518, 526, 21 L.Ed.2d 474 (1969); see Bradley v. School Board, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).
[14] In Powell v. Alabama, 287 U.S. 45, 68, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932), the United States Supreme Court stated:

"The words of Webster, so often quoted, that by `the law of the land' is intended `a law which hears before it condemns,' have been repeated in varying forms of expression and in a multitude of [decisions]."
See also Holt v. Virginia, 381 U.S. 131, 136, 85 S.Ct. 1375, 1378, 14 L.Ed.2d 290 (1965); Ungar v. Sarafite, 376 U.S. 575, 589 n. 9, 84 S.Ct. 841, 849 n. 9, 11 L.Ed.2d 921 (1964); In re Green, 369 U. S. 689, 691-692, 82 S.Ct. 1114, 1116, 8 L.Ed.2d 198 (1962); Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 162, 71 S. Ct. 624, 643, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring); Chambers v. Florida, 309 U.S. 227, 235-238, 60 S.Ct. 472, 476-478, 84 L.Ed. 716 (1940); McVeigh v. United States, 78 U.S. (11 Wall.) 259, 267, 20 L.Ed. 80 (1870).
[15] This is the position adopted by the American Bar Association.

"Notice of charges and opportunity to be heard.
Before imposing any punishment for criminal contempt, the judge should give the offender notice of the charges and at least a summary opportunity to adduce evidence or argument relevant to guilt or punishment.
"Commentary
Although there is authority that in-court contempts can be punished without notice of charges or an opportunity to be heard, Ex parte Terry, 128 U.S. 289 [9 S.Ct. 77, 32 L.Ed. 405] (1888), such a procedure has little to commend it, is inconsistent with the basic notions of fairness, and is likely to bring disrespect upon the court. Accordingly, notice and at least a brief opportunity to be heard should be afforded as a matter of course. Nothing in this standard, however, implies that a plenary trial of contempt charges is required."
ABA Project on Standards for Criminal Justice, Standards Relating to the Function of the Trial Judge § 7.4 & Commentary at 95 (Approved Draft, 1972).
[16] Cf. Lem Woon v. Oregon, 229 U.S. 586, 33 S.Ct. 783, 57 L.Ed. 1340 (1913); Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 218, 40 L.Ed. 343 (1895).
[17] See Marco Indus., Inc. v. United Steelworkers of America, 401 Pa. 299, 164 A.2d 205 (1960); Commonwealth ex rel. Bandi v. Ashe, 367 Pa. 234, 80 A.2d 62 (per curiam), cert. denied, 342 U.S. 836, 72 S.Ct. 60, 96 L.Ed. 632 (1951); Davidson v. Commonwealth, 4 Sadler 98, 6 A. 770 (Pa. 1886) (per curiam).

Other states have concluded that an arraignment is not necessary in a criminal contempt proceeding. E.g., Robran v. People, 173 Colo. 378, 479 P.2d 976 (1971); Coons v. State, 191 Ind. 580, 134 N.E. 194, 198 (1922); State ex rel. Wright v. Barlow, 132 Neb. 166, 271 N.W. 282, 284 (1937); Nebraska Children's Home Society v. State, 57 Neb. 765, 78 N.W. 267 (1899).
[18] Moreover, direct criminal contempt apparently is not an "infamous crime" within the meaning of the Fifth Amendment, and therefore a grand jury indictment is not constitutionally compelled for federal criminal contempt proceedings. United States v. Green, 356 U.S. 165, 183-187, 78 S.Ct. 632, 642-645, 2 L.Ed.2d 672 (1958); see United States v. Bukowski, 435 F.2d 1094 (7th Cir. 1970), cert. denied, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971). But cf. Goldfarb, The Constitution and Contempt of Court, 61 Mich.L.Rev. 283, 312-315 (1962). It is clearly not the federal practice. Fed.R.Crim.P. 42. See 3 C. Wright, Federal Practice and Procedure §§ 701-15 (1969).

Green was discredited by Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968), to the extent it stated that jury trials were never constitutionally required for trials of criminal contempt. The holding in Green with respect to the lack of need for grand jury indictments in federal criminal contempt proceedings was neither explicitly nor implicitly affected by Bloom or by subsequent Supreme Court contempt cases. Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974); Taylor v. Hayes, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974); Mayberry v. Pennsylvania, 400 U.S. 455, 91 S.Ct. 499, 27 L.Ed.2d 532 (1971).
[19] Although the present Rules of Criminal Procedure were not all in effect at the time of appellant's second trial for the alleged perjury trial contempt, they will govern the procedure at his third trial. Since we grant appellant a new trial for constitutional reasons, see Codispoti v. Pennsylvania, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974), and note 9 supra, our discussion of the impact of our criminal procedure rules applies only to the now-existing rules.
[20] Commonwealth v. Rose, 437 Pa. 30, 261 A.2d 586 (1970), cited by appellant, is unpersuasive. The sole reason given in that case to support the result that all criminal proceedings must be initiated by complaint was a textual argument built upon the language of a former rule of criminal procedure. (Rose also used the same reasoning to justify its holding that a preliminary arraignment and hearing were required.) The procedural rule relied upon in Rose has been suspended and replaced by Pa.R.Crim.P. 101, 19 P. S. Appendix (effective Jan. 1, 1974), which contains substantially different language and reflects a different approach.

Moreover, Rose has been strictly limited to its facts. E.g., Commonwealth v. Bunter, 445 Pa. 413, 420-421, 282 A.2d 705, 708 (1971); Commonwealth v. McCloskey, 443 Pa. 117, 128-129, 277 A.2d 764, 770, cert. denied, 404 U.S. 1000, 92 S.Ct. 563, 30 L.Ed.2d 552 (1971). See Commonwealth v. Guy, 41 Pa.D. & C.2d 151, 155-166, 114 P.L.J. 285, 287-293 (Q.S.Allegheny County 1966) (Aldisert, J.).
[21] Our rules of criminal procedure now explicitly contemplate certain situations in which it is unnecessary to proceed by preliminary hearing. Pa.R.Crim.P. 224, 231 (effective Feb. 15, 1974). For example, it is unnecessary to afford a fugitive from justice a preliminary hearing. See Commonwealth v. Bunter, 445 Pa. 413, 421-422, 282 A.2d 705, 709 (1971); Commonwealth v. Coyle, 415 Pa. 379, 396, 203 A.2d 782, 790-791 (1964). But cf. Commonwealth v. Brabham, 225 Pa.Super. 331, 338, 309 A.2d 824, 827 (1973) ("[A]n inmate in a prison in [one] county [is] not. . . a `fugitive' from the offense being prosecuted in [another county].").

A preliminary hearing is not required for indirect criminal contempt proceedings. Act of June 23, 1931, P.L. 925, § 1, 17 P.S. § 2047 (1962); Marco Indus. Inc. v. United Steelworkers of America, 401 Pa. 299, 164 A.2d 205 (1960). But see Commonwealth v. Hoffman, 396 Pa. 491, 152 A.2d 726 (1959).
Hoffman was by its own terms confined to the particular facts of that case, and this is the understanding this Court has subsequently assigned to it. Marco Indus., supra, at 303-304, 164 A.2d at 207. Moreover, the stated basis for decision in Hoffman was that the Act of May 14, 1915, P.L. 499, § 1, 42 P.S. § 1080 (1966), required a preliminary hearing for indirect criminal contempt charges. However, that statute has been suspended, Pa.R.Crim.P. 159(g), and no longer guides criminal procedure in this Commonwealth.
[22] One of the most sensitive articulations of the right to due process appears in Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652 (1950) (Jackson, J.).

"Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case."
Id. at 313, 70 S.Ct. at 656-657. And again from Mullane comes the telling observation that the
"right to be heard has little reality or worth unless one is informed that the matter is pending and can choose for himself whether to appear or default, acquiesce or contest."
Id. at 314, 70 S.Ct. at 657.