J-S55040-16

2016 PA Super 179

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN O. LANGLEY, | |
| Appellant | No. 2508 EDA 2015 |

Appeal from the Judgment of Sentence July 8, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0001783-2014

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                    **FILED AUGUST 12, 2016**

Appellant Ryan O. Langley appeals from the judgment of sentence entered by the Court of Common Pleas of Montgomery County after the trial court convicted him of Driving Under the Influence (DUI) and Driving at an Unsafe Speed.  After careful review, we affirm.

On November 14, 2013, police responded to a report of a motor vehicle accident in Lower Merion, Pennsylvania.  In investigating the scene and the drivers involved in the accident, officers spoke with Appellant and noticed an odor of alcohol on his breath.  After Appellant failed field sobriety testing, he was placed under arrest for DUI.  Appellant's blood alcohol concentration level (BAC) was determined to be .092%.

Appellant was charged with two counts of DUI under 75 Pa.C.S. § 3802(a)(1) (incapable of safely driving) and 75 Pa.C.S. § 3802(a)(2) (BAC

_____

*Former Justice specially assigned to the Superior Court.

greater than .08% and less than .10%) as well as one count of failing to drive at a safe speed (75 Pa.C.S. § 3361). In addition, Count 1 of the criminal information stated Appellant was subject to the enhanced penalty contained in 75 Pa.C.S. § 3804(b)(2) as his DUI violation under Section 3802(a)(1) resulted in an accident that caused bodily injury or property damage. Count 1 also listed the mandatory minimum provisions in 75 Pa.C.S. § 3804(c) (refusal of testing of blood or breath) and 75 Pa.C.S. § 3804(c.1) (violation involving minor occupant), but clarified that neither provision was applicable in this case. The information noted this was Appellant's second DUI offense.

Appellant filed an omnibus pre-trial motion, asking the trial court to quash Count 1 and demanding a jury trial. The trial court denied Appellant's pre-trial motion. After a bench trial, the trial court convicted Appellant of DUI (incapable of safely driving) and failing to drive a safe speed. Appellant was sentenced to thirty days to six months incarceration. This timely appeal followed. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

A. Did the trial court err by not quashing Count 1 of the Bill of Information, which contained four paragraphs, where three of the paragraphs are not elements of the offense but rather sentencing provisions, which violates Pa.R.Crim. P. 560[?]

B. Did the trial court err by ruling that Article I, Section 9 of the Pennsylvania Constitution does not guarantee a jury trial for an ungraded misdemeanor DUI?

Appellant's Brief, at 2.

Appellant first claims the trial court erred in denying his request to quash Count 1 of the criminal information as he contended it contained superfluous language that included facts and potential penalties and beyond the elements of the crime charged. Appellant argues the extra information violates Pa.R.Crim.P. 560, which states that an information "shall be valid and sufficient in the law if it contains … (5) a plain and concise statement of the essential elements of the offense substantially the same as or cognate to the offense alleged in the complaint." Pa.R.Crim.P. 560. We disagree.

Appellant specifically takes issue with the Commonwealth's allegation that Appellant's conduct resulted in an "accident resulting in bodily injury, serious bodily injury, injury or death of any person or damage to a vehicle or other property." Information, at 1. By including this language in the information, the Commonwealth put Appellant on notice that he would be subject to the mandatory minimum provision set forth in Section 3804(b). Our Supreme Court recently emphasized that:

> when a factual determination is necessary for the imposition of a mandatory minimum sentence, the facts must be considered an element of a new, distinct aggravated offense. Moreover, as an element of the offense, the factual determination must be specifically alleged in the charging document, and the defendant has a right to have that fact determined by a jury beyond a reasonable doubt.

- 3 -

*Commonwealth v. Hopkins*, ___Pa.___, 117 A.3d 247, 256-57 (2015) (citing *Alleyne v. United States*, ___U.S.___, 133 S.Ct. 2152, 2160-63 (2013)).

Here, the Commonwealth specifically alleged in the Count 1 of the criminal information that it would attempt to prove that Appellant was subject to the mandatory minimum of 30 days imprisonment set forth in Section 3804(b)(2)(i) which applies where an individual, who commits a second offense DUI, causes an accident resulting to injury or property damage. Pursuant to *Alleyne* and *Hopkins*, the Commonwealth was required to include such facts in the information, which if proven, would increase the prescribed penalty to which Appellant was exposed.[1]

Moreover, we also reject Appellant's claim that the Commonwealth violated Rule 560 by stating in the criminal information that it would not

---

[1] Appellant does not argue that Section 3804 is unconstitutional pursuant to *Alleyne*. To the extent his argument could be characterized as raising such an issue, this claim would fail. While our courts have found several of our mandatory minimum statutes unconstitutional in light of *Alleyne*, the offending provisions in those cases contained language allowing the trial court to increase a defendant's penalty based on facts proven by a preponderance of the evidence standard at sentencing. *See Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa.Super. 2013) (finding *Alleyne* "renders those Pennsylvania mandatory minimum sentencing statutes that do not pertain to prior convictions constitutionally infirm insofar as they permit a judge to automatically increase a defendant's sentence based on a preponderance of the evidence standard"). The statute in this case, Section 3804, does not contain any language allowing the trial judge to make findings of fact triggering the mandatory minimum at sentencing based on a preponderance of the evidence standard.

seek the enhanced penalties set forth in 75 Pa.C.S. § 3804(c) (refusal of testing of blood or breath) and 75 Pa.C.S. § 3804(c.1) (violation involving minor occupant). We agree with the Commonwealth that listing these facts provided further clarification to the trial court of which mandatory minimum sentence provision was implicated in these circumstances. As the Commonwealth fulfilled the requirement in Rule 560(B)(5) that the Commonwealth set forth the essential elements of the offense in a plain and concise statement, the trial court did not err in refusing Appellant's request to quash Count 1 of the information.

Second, Appellant cites Article I, Section 9 of the Pennsylvania Constitution in arguing that he was deprived of his right to a jury trial on the DUI charges. Appellant asks this Court to interpret our Constitution as providing an "absolute" right to a jury trial in all criminal prosecutions. However, our Supreme Court has already spoken directly to this issue in *Commonwealth v. Mayberry*, 459 Pa. 91, 97, 327 A.2d 86, 89 n.9 (1974), and established that both U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution only guarantee a defendant a right to a jury trial for "serious offenses," or crimes which carry more than a six month maximum prison sentence. In contrast, crimes that carry a maximum of six months' imprisonment or less are considered "petty offenses" for which there is no right to a jury trial. *Id.* at 98, 327 A.2d at 89.

Appellant responds by arguing that DUI offenses should not be deemed petty offenses as "an individual's first DUI is a stepping stone to

harsher penalties for subsequent offenses." Appellant's Brief, at 20. In addition, Appellant argues that the Pennsylvania Constitution should be interpreted more broadly than the federal Constitution as Article I, Section 6 refers to a citizen's right to a trial by jury as "inviolate." Pa.Const. art.I, § 6.

However, Appellant ignores our past precedent in **Commonwealth v. Kerry**, 906 A.2d 1237 (Pa.Super. 2006), in which we rejected the identical arguments as applied to DUI charges:

> Appellant first submits that although the maximum incarceration for a first offense under 75 Pa.C.S.A. § 3802(a)(1), with a refusal to submit to chemical testing, is no more than six months, this conviction severely affects subsequent convictions under the statute. Therefore, he argues that the offense should be considered serious in the constitutional sense and entitles him to a jury trial. We disagree.
>
> The test is clear. The decisions of the Supreme Court of the United States 'have established a fixed dividing line between petty and serious offenses: those crimes carrying [a sentence of] more than six months [ ] are serious [crimes] and those carrying [a sentence of six months or] less are petty crimes.' **Commonwealth v. Mayberry**, 459 Pa. 91, 98, 327 A.2d 86, 89 (1974) (quoting **Codispoti v. Pennsylvania**, 418 U.S. 506, 512, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974)). It is well-settled that a legislature's determination that an offense carries a maximum prison term of six months or less indicates its view that an offense is "petty." **Blanton v. North Las Vegas**, 489 U.S. 538, 543, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). As further explained in **Blanton**,
>
>> It has long been settled that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision. In determining whether a particular offense should be categorized as petty, our early decisions focused on the nature of the offense and on whether it was triable by a jury at common law. In recent years, however, we have

sought more objective indications of the seriousness with which society regards the offense. [W]e have found the most relevant such criteria in the severity of the maximum authorized penalty. In fixing the maximum penalty for a crime, a legislature include[s] within the definition of the crime itself a judgment about the seriousness of the offense. The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task, and [is] likewise more responsive to changes in attitude and more amenable to the recognition and correction of their misperceptions in this respect.

*Id.* at 541–542, 109 S.Ct. 1289 (internal quotation marks and citations omitted).

As set forth above, we determine whether an offense is serious by looking to the judgment of the legislature, primarily as expressed in the maximum authorized term of imprisonment. Here, by setting the maximum authorized prison term at six months, the Legislature categorized the violation of § 3802(a)(1) as petty for purposes of a defendant's jury trial rights. ***This categorization is not affected by the potential for a defendant to be subject to increased incarceration for a subsequent DUI offense.*** Much like a defendant charged with multiple petty offenses, the fact that the potential exists for an aggregate sentence exceeding six months' incarceration does not entitle such a defendant to a jury trial. ***See Lewis v. United States,*** 518 U.S. 322, 327, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996) … Moreover, applying these principles in ***Blanton,*** the United States Supreme Court found that first-time DUI offenders, where the maximum authorized prison sentence does not exceed six months, are not entitled to a jury trial. In reaching this decision, the Court further noted that "we ascribe little significance to the fact that a DUI offender faces increased penalties for repeat offenses. Recidivist penalties of the magnitude imposed for DUI are commonplace and, in any event, petitioners do not face such penalties here." ***Blanton,*** 489 U.S. at 545, 109 S.Ct. 1289.

Appellant also argues that, unlike the United States Constitution, Article 1, Section 6 of the Pennsylvania Constitution contains the word "inviolate" when referring to the right to a jury trial and

therefore should be interpreted more broadly so as to afford defendants the right to a jury trial. We cannot agree. What Appellant fails to recognize is that our Supreme Court's decision in **Mayberry**, **supra**, at 97 n. 9, 327 A.2d at 89 n. 9, also considered Article 1, Sections 6 and 9 of the Pennsylvania Constitution in applying the fixed dividing line test articulated by the United States Supreme Court. Despite differences in the language of the United States and Pennsylvania constitutional provisions, both provisions have been interpreted to guarantee the right to a jury trial in a criminal matter only as it existed at common law. Thus, there is no constitutional right to trial by jury for "petty" offenses. Consequently, this argument is likewise unavailing. It was not error, therefore, to deny Appellant a jury trial.

**Kerry**, 906 A.2d at 1239-40 (emphasis added). As our precedent in **Kerry** is directly controlling, we conclude the trial court did not err in finding that Appellant was not entitled to a jury trial for his DUI charges.

For the foregoing reasons, we affirm Appellant's judgment of sentence.

Affirmed.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2016