J-A02035-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON HARLEY GREENBERG | : | |
| | : | |
| Appellant | : | No. 1121 WDA 2019 |

Appeal from the Judgment of Sentence Entered June 25, 2019
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-SA-0000070-2018

BEFORE: SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY SHOGAN, J.: FILED MARCH 30, 2020

Appellant, Jason Harley Greenberg, appeals pro se from the judgment of sentence entered on June 25, 2019, in the Mercer County Court of Common Pleas. We affirm.

The record reveals that on July 14, 2018, Appellant was cited for three violations of the Motor Vehicle Code.[1] Specifically, Appellant was charged with driving an unregistered vehicle, improper tires, and investigation by police officers.[2] Traffic Citations, 7/14/18. Appellant was adjudged guilty of all three offenses before a magisterial district judge on August 16, 2018. On September 12, 2018, the magisterial district judge sentenced Appellant to

_____

[1] 75 Pa.C.S. §§ 101-9805.

[2] 75 Pa.C.S. §§ 1301(a), 4525(a), and 6308(a), respectively.

fines, costs, and restitution as follows: $117.50, for driving an unregistered vehicle; $102.00, for improper tires; and $102.00, for investigation by police officers.  Order, 9/12/18.

On October 22, 2018, Appellant filed a pro se document entitled simply "nunc pro tunc."  In this filing, Appellant acknowledged that the appeal period in which to seek a de novo trial had expired as more than thirty days had passed since the magisterial district judge's verdict.[3]  Nunc Pro Tunc Motion, 10/22/18, at unnumbered 1.  Nevertheless, Appellant asked for an extension of time in which to file an appeal before the Mercer County Court of Common Pleas.  Id.  The trial court treated this filing as a petition for allowance to file a nunc pro tunc appeal for a trial de novo and scheduled a hearing on the motion for November 9, 2018.  Order, 10/23/18.  The Commonwealth failed to appear at the November 9, 2018 hearing, and the trial court granted Appellant's motion and permitted the nunc pro tunc appeal for a trial de novo.  Order, 11/9/18.[4]

_____

[3] See Pa.R.Crim.P. 460 (providing that when an appeal is authorized by law in a summary proceeding, the appeal shall be perfected by filing a notice of appeal within 30 days after the entry of the final order).

[4] We recognize that generally, the timeliness of an appeal, "whether it is an appeal to an appellate court or a de novo appeal in common pleas court, is a jurisdictional question."  Lee v. Guerin, 735 A.2d 1280, 1281 (Pa. Super. 1999).  However, when a party motions the court of common pleas for a summary appeal nunc pro tunc, the decision is left to the discretion of the trial court.  Commonwealth v. Jarema, 590 A.2d 310, 312 (Pa. Super. 1991).  As noted, the Commonwealth failed to appear at the November 9, 2018

On June 25, 2019, at the conclusion of Appellant's trial de novo, the trial court found Appellant guilty of all three violations of the Motor Vehicle Code. Verdict and Sentencing Order, 6/25/19, at unnumbered 1-2. The trial court sentenced Appellant as follows:

1. Investigation by Police Officers by failing to provide required documents (license, registration, and insurance), 75 Pa.C.S.A. § 6308 (a), a summary offense, for which the Appellant was found guilty and sentenced to pay a fine of $25.00 plus court costs;

2. Tire Equipment and Traction Surface by operating a vehicle with rear tires extending beyond the flares attached to the rear fenders, 75 Pa.C.S.A. § 4525 (a), a summary offense for which the Appellant was found guilty and sentenced to pay a fine of $25.00 plus court costs;

3. Driving an Unregistered Vehicle by operating a vehicle with an expired registration, 75 Pa.C.S.A. § 1301 (a), a summary offense for which the Appellant was found guilty and sentenced to pay the court costs only.[1]

> [1] Between the time of the violation and the summary hearing before the magisterial district judge, the Appellant had renewed the registration for his vehicle and was therefore only sentenced to pay the court costs, the $25.00 fine being waived.

Trial Court Opinion, 9/19/19, at 1-2 (emphasis in original).

On July 2, 2019, Appellant filed a pro se notice of appeal. The trial court did not order Appellant to file a statement of errors complained of on appeal

_____

hearing on Appellant's motion for a trial de novo nunc pro tunc, and at no point did the Commonwealth contest or object to the trial court's order granting Appellant's motion. Furthermore, this issue was not raised by the Commonwealth nor discussed by the trial court. In this instance, we decline to engage in fact finding to determine whether the trial court abused its discretion in granting Appellant's motion for a trial de novo.

pursuant to Pa.R.A.P. 1925(b), relying instead on the issues Appellant raised in his thirty-two-page notice of appeal. Trial Court Opinion, 9/19/19, at 2.

On appeal, Appellant presents the following issues:

1. If a person is being tried in a criminal venue and being subjected to substantial loss of property as a result, is it an error of law to convict such person without benefit of a trial by jury?

2. If it is the purpose of the courts "to protect against any encroachment of constitutionally secured liberties" as is stated in Boyd v. U.S. 116 U.S. 616, is it an error of law to convict a person for practicing those very liberties?

3. If the Commonwealth itself admits that there is a difference between travelling, which is a right, and driving, which is a privilege, is it an error of law to convict without proof that [Appellant] was engaged in driving?

Appellant's Brief at 4.

Although Appellant's pro se brief is difficult to follow, the crux of his argument seems to be his belief that he was entitled to a jury trial and that his constitutional right to travel was violated. After review, we conclude that Appellant's claims are meritless. Stated simply, Appellant was not exposed to incarceration; therefore, he was not entitled to a jury trial. Commonwealth v. Smith, 868 A.2d 1253, 1257 (Pa. Super. 2005). Moreover, driving and traveling are not synonymous. Generally, citizens of the United States possess a constitutional right to travel. Saenz v. Roe, 526 U.S. 489 (1999). In Saenz, the Supreme Court of the United States explained that the right to travel:

embraces at least three different components. It protects the right of a citizen of one State to enter and to leave another State, the

right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State.

Id. at 501. However, it is well settled that driving is a privilege and not a right. Commonwealth v. Bell, 211 A.3d 761, 770 (Pa. 2019).

We have reviewed the briefs of the parties, the certified record before us on appeal, and the trial court's opinion filed on September 19, 2019. We conclude that the trial court accurately addressed Appellant's issues and explained why they lack merit. Accordingly, we affirm the judgment of sentence on the basis of the trial court's opinion and adopt its analysis as our own.[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2020

_____

[5] The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

FILED IN MERCER COUNTY

2019 SEP 19 AM 9: 20

KATHLEEN M. KLOOS
CLERK AND REGISTER

9-19-19
2-Ca
1- deft

## IN THE COURT OF COMMON PLEAS OF MERCER COUNTY, PENNSYLVANIA

## CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA :
                                 :
v.                                     :        70 SA 2018
                                   :
JASON HARLEY GREENBERG,           :
         Defendant/Appellant            :

### OPINION PURSUANT TO PA.R.A.P. 1925(a)

This case comes before the Pennsylvania Superior Court on the Defendant /

Appellant's ("Appellant") *pro se Notice of Appeal* filed on July 24, 2019 seeking a

review of this Court's sentences imposed on June 25, 2019.

### History of the Case

Appellant was cited for three summary traffic violations on July 14, 2018 in

connection with his operating his pick-up truck on North Main Street in Sandy Lake

Borough, Mercer County, Pennsylvania. On September 12, 2018, the magisterial district

judge held a summary trial following which the Appellant was convicted and sentenced

on all three citations.

Appellant subsequently appealed *nunc pro tunc* to the Court of Common Pleas of

Mercer County for a trial *de novo* which was granted. On June 25, 2019, a trial *de novo*

was held on all three citations before this Court, *to wit*:

1. Investigation by Police Officers by failing to provide required documents
   (license, registration, and insurance), 75 Pa.C.S.A. § 6308 (a), a summary

1



offense, for which the Appellant was found guilty and sentenced to pay a fine of $25.00 plus court costs;

2. Tire Equipment and Traction Surface by operating a vehicle with rear tires extending beyond the flares attached to the rear fenders, 75 Pa.C.S.A. § 4525 (a), a summary offense for which the Appellant was found guilty and sentenced to pay a fine of $25.00 plus court costs;

3. Driving an Unregistered Vehicle by operating a vehicle with an expired registration, 75 Pa.C.S.A. § 1301 (a), a summary offense for which the Appellant was found guilty and sentenced to pay the court costs only.[1]

On July 24, 2019, Appellant filed a thirty-plus page *Notice of Appeal* to the Superior Court. Although more akin to a legal brief, the *Notice of Appeal* does include what purports to be a *Statement of Errors Complained of on Appeal*, and for that reason this Court did not order the filing of a Pa.R.A.P. 1925(b) statement.

## Issues Presented

In his *Statement of Errors Complained of on Appeal*, Appellant does not challenge the weight or sufficiency of the evidence leading to his convictions. Rather, Appellant raises three constitutional questions which may be paraphrased as follows:

1. Was it an error of law for Appellant to be convicted following a bench trial, rather than affording Appellant a trial by jury?

2. Are the Vehicle Code provisions which Appellant violated unconstitutional, at least as applied to Appellant, because they improperly infringe upon his right to travel?

3. Did this Court err by misunderstanding or misapplying the distinction between Appellant's right to travel and a privilege to drive a vehicle?

---

[1] Between the time of the violation and the summary hearing before the magisterial district judge, the Appellant had renewed the registration for his vehicle and was therefore only sentenced to pay the court costs, the $25.00 fine being waived.

2

<u>Discussion of Law</u>

**1. Was it an error of law for Appellant to be convicted following a bench trial, rather than affording Appellant a trial by jury?**

Appellant suggests that he has a constitutionally protected right to be tried before a jury for summary offenses under the Vehicle Code. Section 6 of Article I of the Pennsylvania Constitution provides, "Trial by jury *shall be as heretofore*, and the right thereof remain inviolate. ..." Pa. Const. art. I, § 6 (emphasis added). Further, Section 9 of Article I of the Pennsylvania Constitution provides, in material part, "In all criminal prosecutions the accused hath a right to ... a speedy public *trial by an impartial jury ...*" Pa. Const. art. I, § 9 (emphasis added). Further, the Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public *trial, by an impartial jury...*" U.S. Const. amend VI (emphasis added).

In interpreting these two Pennsylvania Constitutional provisions, the Superior Court determined that the phrase "shall be as heretofore," meant that "The constitutional provisions entitling a defendant to a jury trial (art. I, secs. 6 & 9) do not apply to summary convictions.... The right to trial by jury preserved by the [Pennsylvania] Constitution is the right as it existed when the provision was first written into our Constitution." *City of Scranton v. Hollenberg*, 152 Pa.Super. 138, 142–43, 31 A.2d 437, 440 (1943). After exhaustively researching this issue, this Court could find no indication that there was a vehicle code in existence in 1776 when the Pennsylvania Constitution was adopted—perhaps because there were no motor vehicles in existence at that time.

3

Regarding the applicability of the Sixth Amendment to the United States

Constitution:

"The test is clear. The decisions of the Supreme Court of the United States 'have established a fixed dividing line between petty and serious offenses: those crimes carrying [a sentence of] more than six months are serious [crimes] and those carrying [a sentence of six months or] less are petty crimes.' "[3] *Commonwealth v. Mayberry*, 459 Pa. 91, 98, 327 A.2d 86, 89 (1974) (quoting *Codispoti v. Pennsylvania*, 418 U.S. 506, 512, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974)). It is well-settled that a legislature's determination that an offense carries a maximum prison term of six months or less indicates its view that an offense is "petty." *Blanton v. North Las Vegas*, 489 U.S. 538, 543, 109 S.Ct. 1289, 103 L.Ed.2d 550 (1989). As further explained in *Blanton*,

> It has long been settled that there is a category of petty crimes or offenses which is not subject to the Sixth Amendment jury trial provision. In determining whether a particular offense should be categorized as petty, our early decisions focused on the nature of the offense and on whether it was triable by a jury at common law. In recent years, however, we have sought more objective indications of the seriousness with which society regards the offense. [W]e have found the most relevant such criteria in the severity of the maximum authorized penalty. In fixing the maximum penalty for a crime, a legislature include[s] within the definition of the crime itself a judgment about the seriousness of the offense. The judiciary should not substitute its judgment as to seriousness for that of a legislature, which is far better equipped to perform the task, and [is] likewise more responsive to changes in attitude and more amenable to the recognition and correction of their misperceptions in this respect.

*Id.* at 541–542, 109 S.Ct. 1289 (internal quotation marks and citations omitted).

As set forth above, we determine whether an offense is serious by looking to the judgment of the legislature, primarily as expressed in the maximum authorized term of imprisonment. Here, by setting the maximum authorized prison term at six months, the Legislature categorized the violation of § 3802(a)(1) [driving under the influence of alcohol] as petty for purposes of a defendant's jury trial rights.

*Commonwealth v. Kerry*, 2006 PA Super 233, 906 A.2d 1237, 1239 (Pa. Super. Ct. 2006).

This Court notes that none of the provisions of which the Appellant was convicted

carry any penalty of imprisonment, thus substantiating the intention of the Pennsylvania

4

Legislature that the provisions of the Vehicle Code which the Appellant was accused of violating are considered to be "petty offenses" for which he is not entitled to a trial by a jury.

Consistent with this position, the Pennsylvania Supreme Court adopted Rule 462 of the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 462, which provides:

> (A) When a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding, upon the filing of the transcript and other papers by the issuing authority, the case shall be heard de novo by the judge of the court of common pleas sitting *without a jury*. (emphasis added).

In conclusion, this Court could find no law supporting Appellant's claim that he is entitled to a jury trial for violations of the provisions of the Vehicle Code of which he was convicted.

2. **Are the Vehicle Code provisions which Appellant violated unconstitutional, at least as applied to Appellant, because they improperly infringe upon his right to travel?**

3. **Did this court err by misunderstanding or misapplying the distinction between Appellant's right to travel and a privilege to drive a vehicle?**

Issues 2 and 3 as raised by Appellant are similar and involve an exercise in semantics — "right to travel" [in a vehicle] versus "privilege to drive" [a vehicle]. As used in this case, the "right to travel" refers to a person's ability to be in a moving vehicle, either as an operator or as a passenger; whereas the "privilege to drive" refers to a person's ability to operate a moving vehicle. It appears that Appellant is claiming that the provisions of the Vehicle Code of which he was convicted unconstitutionally infringe upon his "right to travel." This Court could find no law supporting Appellant's claim that

5

the provisions of the Vehicle Code of which he was convicted in any way impair his "right to travel" in a vehicle. Similarly, this Court could find no authority to support the proposition that a distinction between Appellant's "right to travel" and "privilege to drive" renders the Vehicle Code provisions in question unconstitutional.

## Conclusion

Finding no support for Appellant's various positions, it is suggested that the Honorable Superior Court affirm this Court's sentences of final judgment and dismiss Appellant's appeal.

Respectfully submitted,

Dated: September 19, 2019 _____, SJ.

John C. Reed, Senior Judge

6