518 A.2d 297

**COMMONWEALTH of Pennsylvania**

v.

**Robert G. KINCADE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 4, 1986.

Filed Nov. 21, 1986.

592

Dan P. Wimer, New Castle, for appellant.

William M. Panella, District Attorney, New Castle, for Com., appellee.

Before ROWLEY, DEL SOLE and CERCONE, JJ.

DEL SOLE, Judge:

■ Appellant was charged with criminal trespass,[1] simple assault,[2] and criminal mischief.[3] At the close of the

1. 18 Pa.C.S.A. § 3503(b)(1).
2. 18 Pa.C.S.A. § 2701.
3. 18 Pa.C.S.A. § 3304(a)(2).

Commonwealth's case, the court granted a motion to dismiss the charge of criminal trespass and stated, "[t]he motion of the Defendant to dismiss or order a directed verdict on the criminal mischief charge ... is refused; however the degree of the offense is reduced to a summary." (Trial Transcript at 132).[4] The court at that time also removed the charge of criminal mischief from the jury. Appellant was subsequently found not guilty of simple assault and the court found Appellant guilty of criminal mischief. Post-trial motions were filed and denied. Thereafter Appellant was sentenced to ninety days probation, fined two hundred fifty dollars and ordered to pay the costs of prosecution. This timely appeal followed.

On appeal, Appellant asks:[5]

**4.** Although not raised by the parties:
[w]e note that a motion for dismissal of the charges, made after the jury has been empaneled and opening statements have been made, is not a proper motion at that stage of the proceedings. *Commonwealth v. Africa*, 281 Pa.Super. 419, 428, 422 A.2d 539, 543 (1980). A motion for dismissal may only be made prior to the commencement of trial. *Commonwealth v. Africa, supra.* Pa.R.Crim.P. 315. *Commonwealth v. Adams*, 349 Pa.Super. 200, 211, 502 A.2d 1345, 1351 (1986).

The procedure which Appellant should have followed at this stage of the proceeding is set forth at Pa.R.Crim.P. 1124 which states in pertinent part:
(a) A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged by a:
(1) demurrer to the evidence presented by the Commonwealth at the close of the Commonwealth's case in-chief.

**5.** In his brief on appeal, Appellant raises the following additional questions:
1. Whether a person can be found guilty of criminal mischief when the defendant reasonably believes that he owned the property in question.
2. Whether the defendant can be convicted of a crime which is directly related to a civil action in which the District Attorney represents the Defendant's adversary.
3. Whether the Court erred in removing the charge of criminal mischief from the jury's deliberation.
'[I]t is no longer merely a warning, but the law, that all issues not specifically raised in post-verdict motions are waived on appeal.'

1. Whether a person can be found guilty of criminal mischief when the Commonwealth introduces no evidence as to pecuniary damage.

2. Whether trial counsel was ineffective for:

a. failing to sufficiently raise the issue of Appellant's ownership of the property in question.

b. failing to object to the District Attorney's conflict in representing Appellant's adversary in a related civil action.

c. failing to object when the court took the charge of criminal mischief from the jury's consideration.

■ Appellant's initial claim is that absent evidence of pecuniary damage, there can be no conviction for the summary offense of criminal mischief. We disagree.

Appellant was charged with a violation of 18 Pa.C.S.A. § 3304(a)(2) which states:

(a) Offense defined. A person is guilty of criminal mischief if he:

(2) intentionally or recklessly tampers with tangible property of another so as to endanger person or property;

18 Pa.C.S.A. § 3304(a)(2).

Pecuniary damage is not an element of the charged offense of criminal mischief. With respect to the grading of the offense, 18 Pa.C.S.A. § 3304(b) provides:

(b) Grading. Criminal mischief is a felony of the third degree if the actor intentionally causes pecuniary loss in excess of $5,000, or a substantial interruption or impairment of public communication, transportation, supply of water, gas or power, or other public service. It is a misdemeanor of the second degree if the actor intentionally causes pecuniary loss in excess of $1,000, or a misdemeanor of the third degree if he intentionally or reckless-

*Commonwealth v. Cardona,* 316 Pa.Super. 381, 386, 463 A.2d 11, 14 (1983). *See also* Pa.R.Crim.P. 1123(a), (c)(3).

*Commonwealth v. Little,* 354 Pa.Super. 546, 554, 512 A.2d 674, 678 (1986).

ly causes pecuniary loss in excess of $500. *Otherwise criminal mischief is a summary offense.*

18 Pa.C.S.A. § 3304(b) (emphasis added).

We decline Appellant's invitation to read into the statute that which is not there. Proof of pecuniary loss is not required by the statute when criminal mischief is charged under 18 Pa.C.S.A. § 3304(a)(2) as a summary offense.

Appellant next contends trial counsel was ineffective in several respects.

Pennsylvania law regarding ineffectiveness of counsel is well documented. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), enunciated the process to be used as a two-pronged analysis consisting first of a determination of whether the issue underlying the ineffectiveness claim is of arguable merit, and second whether the course chosen by counsel had some reasonable basis aimed at promoting the appellant's interests.... In addition to the above requirements, an appellant must establish that the ineffectiveness so prejudiced his case that he did not receive a fair trial.

*Commonwealth v. Brandt,* 353 Pa.Super. 250, 252–53, 509 A.2d 872, 874 (1986).

Trial counsel is first said to have been ineffective for failing to sufficiently raise the issue of Appellant's ownership of the property in question. Appellant directs our attention to *Commonwealth v. Shaffer,* 32 Pa.Super. 375 (1907) wherein this Court discussed the offense of malicious mischief and noted, "where the injurious act is done or committed in the exercise or enforcement of what the defendant honestly believes to be his legal right, even though such belief should be a mistaken one, there can be no conviction." *Id.,* 32 Pa.Superior Ct. at 379–380.

It is necessary to distinguish a claim that the trial court erred in finding Appellant guilty of criminal mischief when he reasonably believed he owned the property in question from the issue of whether counsel was ineffective for failing to sufficiently raise the issue of Appellant's ownership of the property. Alleged error by the trial court on

this matter is not before us.[6] The record reflects that Appellant's alleged ownership of the property was sufficiently raised. Appellant points out:

> The trial transcript in this case contains numerous references to the fact that the ownership of portions of the sewer pipeline was disputed between Mr. Kincade and Laurel Courts, Inc. which ran the trailer park. The Defendant ordered several other people, "to get off his property". (T.N. P. 40). This was at the location of the manhole in question. The person who was the victim of the alleged assault also testified that he had knowledge of the dispute over the ownership of the 'sewer line in question. (N.T. p. 111). This person was also an officer of the corporation which ran the trailer park adjacent to Defendant's property. Also the Defendant testified that, "they are on my property and the sewer line is on my property. So what's contained on my property belongs to me." (N.T. p. 138).
>
> The Defendant testified that there had been a survey performed at the request of the trailer park. The defendant also stated that the surveyor had testified at a prior proceeding that the manhole in question was not on the trailer park's right of way, but rather was on the property of the Defendant.

(Appellant's Brief at 6–7).

We therefore reject Appellant's claim of ineffectiveness of counsel on this point.

▓ It is next asserted that counsel was ineffective for failing to object to the District Attorney's conflict in representing Appellant's adversary in a related civil action. Appellant acknowledges that the District Attorney did not serve as trial counsel at the criminal trial and fails to assert in any event impropriety on the part of the staff of the District Attorney's office trying the case. "[C]ounsel will not be considered ineffective for failure to assert a meritless claim." *Commonwealth v. Buehl*, 510 Pa. 363, 379, 508 A.2d 1167, 1175 (1986).

6. Appellant's argument on this issue is waived. See *supra* n. 5.

■ Finally Appellant argues that counsel was ineffective for failing to object when the court took the charge of criminal mischief from the jury's consideration.

"A summary offense is one punishable by ninety days imprisonment, or a $300 fine, or both. See 18 Pa.C.S. §§ 106(c)(2); 1101(6)." *Eichenlaub v. Eichenlaub,* 340 Pa. Super. 552, 558, 490 A.2d 918, 921 (1985). "The Constitution requires that one accused of a 'serious offense' be given a jury trial." *Commonwealth v. Mayberry,* 459 Pa. 91, 97, 327 A.2d 86, 89 (1974).

> The question becomes whether the crime charged ... is 'serious'. The test is clear. The decisions of the Supreme Court of the United States 'have established a fixed dividing line between petty and serious offenses: those crimes carrying more than six months sentence are serious and those carrying less are petty crimes.'

*Id.,* 459 Pa. at 98, 327 A.2d at 89.

Appellant was not entitled to a trial by jury on the summary offense of criminal mischief and counsel can not as a result be found ineffective for failing to object when the court took the charge from the jury's consideration.

Order affirmed.