No. 01–3474.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit LAR
34.1(a) Jan. 12, 2004.

Decided Jan. 14, 2004.

Harry W. CAMPBELL; Barbara Anne Campbell; Andrew Ryan Campbell, by and Through His Parents and Natural Guardians, Harry Campbell, and Barbara Anne Campbell; Matthew Campbell, by and Through His Parents and Natural Guardians, Harry Campbell, and Barbara Anne Campbell; Alexander Campbell, by and Through His Parents and Natural Guardians, Harry Campbell, and Barbara Anne Campbell,

v.

Dennis MOORE, Officer; Joseph Moore, Officer; George A. Minner, Detective; Timothy McCairns, Sergeant; City of Philadelphia; Philadelphia District Attorney's Office; John Does 1–100, Being Identified as Officers and/or Detectives Employed by the Philadelphia Police Department; Richard Roes 1–100, Being Identified as Persons Employed by the Philadelphia Police Department in Supervisory and/or Training Positions; Larry Loes 1–100, Being Identified as Assistant District Attorneys Who Were Charged With Responsibility to Prosecute Andrew Campbell; Diane Walker, Civilian; Paul Alminde, Officer; Joseph McIntrye, Officer; Ricardo Colon, Officer; Vincent Guarna, Officer; Officer Badge # 5262; Combs, Officer; Lynne Abraham, District Attorney; Michael Wiercinski, Officer; Charles Beebe, Officer; Kimber Zerceck, Officer; Elizabeth Diaz, Officer; Eric Linder, Officer; Steven Powell, Officer Joseph Moore and Dennis Moore, Appellants.

Brian M. Puricelli, Newtown, PA, Samuel A. Malat, Haddon Heights, NJ, for Harry W. Campbell, Barbara A. Campbell, Andrew R. Campbell, Matthew Campbell and Alexander Campbell.

Richard G. Tuttle, Kolansky, Tuttle & Rocco, Philadelphia, PA, for Appellant.

Before BARRY, SMITH, and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This matter comes on before this court on an appeal by officers Joseph and Dennis Moore ("the officers") in an action brought by plaintiff Andrew Campbell ("Andrew"), a minor, principally under 42 U.S.C. § 1983 ("section 1983") alleging false arrest and excessive force in violation of the Fourth Amendment. On appeal, the officers challenge the district court's ruling as a matter of law that they lacked probable cause to arrest Andrew for criminal mischief pursuant to 18 Pa. Cons.Stat. Ann. § 3304 (West Supp.2003) ("section 3304"). They also argue that the district court erred in failing to grant them qualified immunity on Andrew's false arrest claim when they moved for judgment at trial on that basis. For the reasons stated herein, we hold that (1) the district court erred in making a probable cause determination in favor of Andrew; and (2) the officers are entitled to qualified immunity on Andrew's federal false arrest claim and to state law immunity on Andrew's Pennsylvania false arrest claim. Therefore we will reverse the district court's order entered on April 17, 2001, which directed that judgment be entered in favor of Andrew for $9,000 on the jury's verdict, and will remand the case to the district court to enter judgment for the officers.

## I. BACKGROUND

On November 11, 1997, Andrew Campbell, then ten years old, was rollerblading with a friend on the 1500 block of Berks Street in Philadelphia. Defendant Joseph Moore ("Joseph"), an off-duty police officer, was at home in the vicinity at the time. He heard noise outside his window and observed Andrew kick and ram into a Ford Explorer owned by Joseph's father Dennis Moore ("Dennis"), another off-duty police officer, causing the car's theft alarm to sound. Joseph had heard the car's theft alarm sound approximately three to four times within a half hour before this incident and had heard the voices of kids outside his window and had observed them running away from the vehicle. Joseph went outside and arrested Andrew for the summary offense of criminal mischief, pursuant to section 3304. When he apprehended Andrew, he grabbed him by his arm or by the back of his jacket. Andrew stopped rollerblading and then threw himself to the ground on his behind. Joseph

told him to get up and then walked him to his parents' house.

While Joseph was apprehending Andrew, Dennis was driving behind them in his Ford Explorer. He eventually intercepted Joseph while he was bringing Andrew back to his parents' house. Joseph told Dennis that Andrew was being arrested for criminal mischief. Dennis accompanied Joseph to Andrew's parents' house and, along with Joseph, informed Andrew's father that his son was being arrested. Joseph and Dennis then called additional police officers, and Andrew was taken to the 26th Police Precinct, where he was issued a citation for a summary offense and then released. Ultimately, the state court "discharged" the summary offense against Andrew.

On Andrew's behalf, his father, Harry W. Campbell, sued Joseph and Dennis pursuant to section 1983, alleging false arrest and excessive force in violation of the Fourth Amendment. He also brought claims of assault, battery, and false arrest under Pennsylvania law. During the course of a jury trial, the district court held as a matter of law that the officers lacked probable cause to arrest Andrew and that they were not entitled to qualified immunity. The court instructed the jury as follows:

> At the time that [Andrew] was first arrested by Joseph Moore, later assisted by his father, Dennis Moore, the only crime that he could possibly have been guilty of would have been malicious mischief, or the equivalent which is a summary offense.
>
> And in order to have probable cause to take him into custody for that, the officers would have had to had a basis for believing that they saw him a[sic] commit a crime, and the crime would require evidence that he wilfully injured their property.

> The evidence is to the effect that neither of them had looked at the car before he was taken into custody and, therefore, they could not have a basis for a belief that the car had been damaged.
>
> There is also a considerable cloud—issue as to whether what they saw him do [sic] the car, which they describe as kicking the tire, could possibly constitute a crime of malicious mischief anyway.
>
> But be that as it may, you don't have to concern yourself with that, I have ruled as a matter of law that there was no probable cause, and therefore the rights of Andrew Campbell were violated.

A. 172. Later, upon the jury's request for a clarification regarding the court's probable cause determination, the court instructed as follows:

> The conclusion that there was no probable cause in the constitutional sense, is based on the Court's finding as a matter of law, concluding as a matter of law, that no reasonable police officer, objectively reasonable police officer would have believed that he had seen Andrew committing a crime, and would have believed that he had the right to arrest Andrew.
>
> It's based on the fact that the defendant—the only action by Andrew that anybody—either of the Moores said they saw was kicking of the tire. Kicking a tire on a car doesn't amount to a crime.
>
> Neither of them made any investigation as to whether there was damage or not, so that at the time they made the arrest they couldn't possibly have known whether there was damage or not. In short as a matter of law the arrest was without probable cause.

A. 200–01.

The jury returned a verdict in Andrew's favor, awarding him $9,000 in damages on

his Fourth Amendment and state law false arrest claims.[1] After the court entered judgment on the verdict, the officers brought this appeal.[2]

## II. JURISDICTION AND STANDARD OF REVIEW

### A. Jurisdiction

The district court had jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, and 1367 in that the complaint alleged federal civil rights claims under section 1983 and supplemental state law claims. Inasmuch as the officers' appeal was timely, we have jurisdiction pursuant to 28 U.S.C. § 1291.

### B. Standard of Review

We review the district court's finding of probable cause de novo and its factual findings for clear error. *See United States v. Harple*, 202 F.3d 194, 196 (3d Cir.1999). We exercise plenary review over the question of whether the officers are entitled to qualified immunity. *See Eddy v. Virgin Islands Water and Power Auth.*, 256 F.3d 204, 208 (3d Cir.2001).

## III. DISCUSSION

### A. Section 1983

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities se-

cured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Thus, section 1983 provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws. *See Estate of Smith v. Marasco*, 318 F.3d 497, 505 (3d Cir.2003); *Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir.1996).

### B. Andrew's Fourth Amendment Claim

At trial, Andrew contended that he was arrested without probable cause in violation of his Fourth Amendment right to be free from an unreasonable seizure. It is axiomatic that the "Fourth Amendment prohibits arrests without probable cause." *Berg v. County of Allegheny*, 219 F.3d 261, 269 (3d Cir.2000). In determining whether probable cause exists, the court will look to whether "the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir.2000) (citation omitted). "The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir.1988). Generally, "the question of probable cause in a section 1983 damage suit is one for the jury." *Montgomery v.*

---

**1.** The jury found in favor of all defendants on Andrew's excessive force, assault, and battery claims, and it likewise found for the defendants on all derivative claims brought by Andrew's parents. The court dismissed claims brought by Andrew's brothers, and claims brought against the City of Philadelphia.

**2.** Harry Campbell filed an appeal and an amended appeal on Andrew's behalf, but we dismissed his appeal by reason of his failure to prosecute it. Appellees have failed to submit a brief in opposition to the officers' appeal.

*De Simone,* 159 F.3d 120, 124 (3d Cir. 1998). A district court may conclude, however, "that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *Sherwood v. Mulvihill,* 113 F.3d 396, 401 (3d Cir.1997). In that case, the court may enter summary judgment accordingly. *See id.*

■ At issue herein is whether the officers had probable cause to arrest Andrew for criminal mischief pursuant to section 3304. Subsection (a) of this provision states that "[a] person is guilty of criminal mischief if he ... (2) intentionally or recklessly tampers with tangible property of another so as to endanger person or property." Subsection (b) states that "[i]t is a misdemeanor of the ... third degree if he intentionally or recklessly causes pecuniary loss in excess of $500.... Otherwise criminal mischief is a summary offense."

Despite the district court's ruling to the contrary, we hold that the evidence at trial established that the officers had probable cause to believe Andrew intentionally or recklessly had tampered with Dennis's vehicle so as to endanger it. Joseph testified that he heard noise outside his window and observed Andrew kick and ram into the Ford Explorer, causing its alarm to sound. Within a half hour prior to this incident, he had heard the car's alarm sound approximately three to four times. He also had heard the voices of kids outside his window and had observed them running away from the vehicle. These undisputed facts required that the court make a probable cause determination in favor of the officers.[3]

As the officers note on appeal, a summary offense of criminal mischief does not require actual property damage. Therefore, the officers' failure to inspect the car for damage prior to arresting Andrew is of no consequence in the context of this case. *See, e.g., Commonwealth v. Kincade,* 358 Pa.Super. 591, 518 A.2d 297, 299 (1986) ("We decline Appellant's invitation to read into the statute that which is not there. Proof of pecuniary loss is not required by the statute when criminal mischief is charged under [section] 3304(a)(2) as a summary offense.").

In sum, the court erred in ruling as a matter of law that there was an absence of probable cause to arrest.

## C. Qualified Immunity

The district court also erred in failing to hold that the officers had qualified immunity on Andrew's Fourth Amendment claim and thus were entitled to judgment as a matter of law on that basis. Qualified immunity is intended to shield government officials performing discretionary functions, including police officers, "from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). It is a defendant's burden to establish that he is entitled to qualified immunity. *See Beers–Capitol v. Whetzel,* 256 F.3d 120, 142 n. 15 (3d Cir.2001).

As the Supreme Court held in *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the ruling on qualified immunity must be undertaken using a two-step inquiry. *See id.* at 200–01, 121 S.Ct. at 2155–56. First, the court must consider

---

**3.** Dennis had probable cause to assist in the arrest after having learned these facts from Joseph.

whether the facts alleged, taken in the light most favorable to the plaintiff, show that the officer's conduct violated a constitutional right. *See id.* at 201, 121 S.Ct. at 2156; *S.G. ex rel. A.G. v. Sayreville Bd. of Educ.,* 333 F.3d 417, 420 (3d Cir.2003) (When an individual defendant in a section 1983 action claims he is entitled to qualified immunity, "our first task is to assess whether the plaintiff's allegations are sufficient to establish the violation of a constitutional or statutory right at all.") (quoting *Gruenke v. Seip,* 225 F.3d 290, 298 (3d Cir.2000)). "If the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." *Bennett v. Murphy,* 274 F.3d 133, 136 (3d Cir.2002).

If, however, "a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Saucier,* 533 U.S. at 201, 121 S.Ct. at 2156. "The relevant dispositive inquiry" in making this determination is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202, 121 S.Ct. at 2156. If it would not have been clear to a reasonable officer what the law required under the facts alleged, then he is entitled to qualified immunity.

■ Here, the officers are entitled to qualified immunity because Andrew failed to show as a matter of law that his Fourth Amendment rights were violated. For the reasons described above, Joseph had probable cause to arrest Andrew for criminal mischief after witnessing the events outside his window, and Dennis had probable cause to assist in the arrest after having learned of these events from Joseph. Thus, we hold that both officers are entitled to qualified immunity on Andrew's Fourth Amendment claim. *See Rogers v. Powell,* 120 F.3d 446, 455 (3d Cir.1997)

("[W]here a police officer makes an arrest on the basis of oral statements by fellow officers, [that] officer will be entitled to qualified immunity from liability in a civil rights suit for unlawful arrest provided it was objectively reasonable for him to believe, on the basis of the statements, that probable cause for the arrest existed.").

### D. State Law Immunity

■ Finally, we hold that the officers are immune from Andrew's claim for false arrest under Pennsylvania law. Pursuant to Pennsylvania's Political Subdivision Tort Claims Act, individual defendants are immune from liability for acts within the scope of their employment to the same extent as their employing agency, *see* 42 Pa. Cons.Stat. Ann. § 8545 (West 1998), except that they are liable if their conduct amounts to actual fraud, crime, actual malice or willful misconduct. *See id.* § 8550. Here, the district court dismissed all claims against the City, and because there is no evidence of crime, fraud, malice, or willful misconduct, the officers are immune from Andrew's Pennsylvania false arrest claim.

### IV. CONCLUSION

For the foregoing reasons, we will reverse the order of the district court entered April 17, 2003, and will grant immunity to the officers on Andrew's Fourth Amendment and state law false arrest claims. In view of this disposition, we will remand the case to the district court to enter judgment in favor of the officers. The entry of that judgment will conclude this litigation.