

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2006

# USA v. Reid

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4752

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Reid" (2006). *2006 Decisions.* Paper 840.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/840

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4752

UNITED STATES OF AMERICA

v.

JOSEPH REID,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 04-cr-00109
(Honorable Berle M. Schiller)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 18, 2006
Before:  SCIRICA, *Chief Judge*, McKEE and STAPLETON, *Circuit Judges*

(Filed June 26, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Defendant Joseph Reid appeals from a judgment of conviction.[1]  Reid contends (1)

the evidence was insufficient to support the jury's guilty verdict, and (2) the District

Court erred in denying his motion to suppress evidence.  We will affirm.

---

[1]Reid does not challenge his sentence on appeal.

Because we write for the parties, we will set forth only those facts necessary for our analysis. On August 29, 2003, Philadelphia Police Officers Patrick McFadden and Richard Crawford observed Reid run a red traffic light. The officers activated their lights and sirens and pursued Reid, who fled at high speed. During the ensuing car chase, Reid knocked over a stop sign, severely damaging his car. Eventually, he crashed into the concrete steps of a residence. Officer Crawford then saw Reid throw something that looked like a weapon out of the passenger side window. Reid fled from his vehicle and was apprehended by the officers. Officer Crawford inspected the area where he saw Reid throw "a weapon" and recovered a nine millimeter semi-automatic handgun. The officers also found a loaded magazine containing ten rounds of nine millimeter ammunition, which matched the gun Officer Crawford recovered, in plain view on the floor of the driver's side of Reid's vehicle.

Reid was arrested and charged with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e). Reid filed a motion to suppress the gun and ammunition, which the District Court denied after a hearing. At trial, the government presented the testimony of Officers McFadden and Crawford, who described the events of August 29. The owner of the car Reid was driving testified that she loaned the car to Reid, and that the gun recovered from the car was not hers and was not in the car when Reid borrowed it. The jury returned a verdict of guilty, and Reid was sentenced to 180

months' imprisonment, a fine of $1500, and a special assessment of $100. Reid filed a timely appeal.

## II.

Reid challenges the sufficiency of evidence supporting his conviction. He contends the testimony of Officers McFadden and Crawford was "so incredible as to constitute perjury." (Appellant's Br. 5.) Reid points to inconsistences in the two officers' accounts, asserting it is impossible to believe they were being truthful.[2] But these alleged inconsistences "relate to witness credibility, an area peculiarly within the jury's domain." *United States v. Cothran*, 286 F.3d 173, 176 (3d Cir. 2002). "It is not our role to weigh the evidence or to determine the credibility of the witnesses." *Id.* at 175. We "will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Dent*, 149 F.3d 180, 187 (3d Cir. 1998) (quotations omitted). The officers' accounts were not so different that they could not be believed by a rational juror. Accordingly, we conclude the evidence, taken in the light most favorable to the government, was sufficient to support Reid's conviction.

Reid also contends the District Court erred in denying his motion to suppress the gun and ammunition. He asserts the officers did not have reasonable suspicion to stop him or probable cause to arrest him, making the evidence obtained as a result of the stop

---

[2]Reid points to three instances in which the officers' accounts appear to diverge, relating to the position of the police vehicle once it came to a stop beside Reid's car, the precise location of Reid's arrest, and the removal of Reid's vehicle from the crash site.

3

and arrest inadmissable.[3]  This argument, which is similarly predicated on the officers' alleged "incredible" testimony, is without merit.  The District Court concluded the officers possessed a reasonable suspicion of criminal activity sufficient to justify stopping Reid.  We see no error.  Reid's traffic violation — running the red light — justified the stop.  *See Whren v. United States*, 517 U.S. 806, 810 (1996) ("As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.").  Furthermore, the officers had probable cause to arrest Reid based on the totality of the circumstances, considering (1) Reid's decision to flee from the officers, causing damage to public and private property, (2) the gun Officer Crawford found where he observed Reid throw it, and (3) the ammunition found in plain view in Reid's car.  *See United States v. McGlory*, 968 F.2d 309, 342 (3d Cir. 1992) ("Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient to warrant a reasonable person to believe an offense had been committed.").  Accordingly, the stop and the arrest were lawful, and the evidence obtained as a result of these actions need not have been suppressed.

## III.

We will affirm the judgment of conviction.

---

[3]"We review a district court's determinations of reasonable suspicion and probable cause de novo." *United States v. Harple*, 202 F.3d 194, 196 (3d Cir. 1999).  "We review a district court's factual findings for clear error." *Id.*