J-S62007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GREGORY LYNN MORRIS | |
| Appellant | No. 1971 WDA 2014 |

Appeal from the Judgment of Sentence July 1, 2014
in the Court of Common Pleas of Allegheny  County
Criminal Division at No.: CP-02-CR-0011694-2013

BEFORE:  GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED NOVEMBER 17, 2015**

Appellant, Gregory Lynn Morris, appeals from the judgment of sentence imposed on July 1, 2014 and modified on July 29, 2014 following his conviction after a non-jury trial of terroristic threats, simple assault, criminal mischief, and defiant trespass.   On appeal, he challenges the sufficiency of the evidence for criminal mischief graded as a misdemeanor of the third degree, and the legality of the modified order of restitution imposed as a condition of probation for the conviction of terroristic threats. We vacate in part and remand.

We take the underlying facts and procedural history in this matter from the trial court's opinion of June 23, 2015.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[Appellant] was present at Club Pink in the City of Pittsburgh on July 27, 2013. At that time Derrick Maad, the head of security at Club Pink, told [Appellant] that he had to leave the Club as it was closing time. [Appellant] ignored Maad's directive to leave. Maad then grabbed [Appellant] by his arm to escort him from the building. At that time, [Appellant] threw a beverage in Maad's face and became violent toward Maad, swinging at him. Both Maad and [Appellant] fell to the ground. As Maad got [Appellant] to the door of the building, [Appellant] took another swing at Maad. Maad tackled [Appellant]. [Appellant] continued to threaten that he would kill Maad the entire time. Eventually the club owner and Maad were able to remove [Appellant] and his girlfriend from the club. Maad observed [Appellant] by video camera pick up a cinder block and throw it through the back of the owner's Corvette. Ultimately the police filed the charges against [Appellant] and he proceeded with a non-jury trial.

. . . [Appellant] was convicted of all four counts against him. He was sentenced on the count of terroristic threats to eighteen months['] probation and no further penalty was assessed at counts two through four. . . .

(Trial Court Opinion, 6/23/15, at unnumbered pages 1-2).

Initially, when the trial court imposed Appellant's sentence on July 1, 2014, it stated that Appellant was "to pay restitution in the amount of $4,478.57." (N.T. Trial, 7/01/14, at 47). However, after entertaining a motion from defense counsel concerning the sufficiency of documentation supporting the amount of restitution, the court stated that it would "schedule a hearing on the question of restitution . . . within the next thirty days." (*Id.* at 48). The July 1, 2014 sentencing order indicates that "restitution is pending" and that the trial court scheduled a hearing on restitution for July 29, 2014. (*See* Order, 7/01/14).

- 2 -

On July 29, 2014, the trial court conducted a hearing on restitution. (**See** Trial Ct. Op., at unnumbered page 2).[1] On July 29, 2014, the court issued an order that Appellant pay restitution in the amount of $211.14. (**See id.**; **see also** Order, 7/29/14).

On December 4, 2014, Appellant timely filed a notice of appeal.[2] On April 13, 2015, Appellant filed his Rule 1925(b) concise statement of matters

_____

[1] The Commonwealth's Brief indicates that:

> Counsel for [A]ppellant notes that the docket does not indicate that a hearing was held and that no transcripts are available, although Judge Cashman indicated in his [o]pinion that a hearing occurred. In the [c]oncise [s]tatement, counsel stated that he had attempted to procure a transcript of the July 29, 2014 proceedings but had been unable to do so, and could not determine whether no hearing was actually held, or whether no testimony was taken. The Commonwealth has confirmed with the court reporter that no testimony was taken on July 29, 2014 in this case.

(Commonwealth's Brief, at 11, n.3) (record citations omitted).

[2] Pennsylvania Rule of Criminal Procedure 720 provides that if a defendant files a post-sentence motion, a notice of appeal must be filed within 30 days of the entry of the order deciding the motion, denying the motion by operation of law, or memorializing the withdrawal of that post-sentence motion. **See** Pa.R.Crim.P. 720(A)(2). The order issued following a defendant's withdrawal of the post-sentence motion is required to include notice of defendant's appeal rights and time limits to file an appeal. **See** Pa.R.Crim.P. 720(B)(4).

Here, Appellant filed a post-sentence motion on July 3, 2014, which he withdrew on July 29, 2014. Therefore, Appellant had until August 28, 2014 to file his notice of appeal. Thus, the December 4, 2014 notice of appeal appears to be untimely on its face. However, "we have held that we will address an otherwise untimely appeal if fraud or breakdown in the trial

*(Footnote Continued Next Page)*

complained of on appeal. *See* Pa.R.A.P. 1925(b). The trial court filed its 1925(a) opinion on June 23, 2015. *See* Pa.R.A.P. 1925(a).

Appellant raises the following two issues for this Court's review:

I.   Was the evidence insufficient to prove that the damage caused to Mr. Marino's vehicle was in excess of $500.00 as was necessary for [Appellant] to be found guilty of a misdemeanor of the third degree?

II.  Was the modified order of restitution improper, illegal, and, therefore, must be vacated as the Commonwealth failed to provide the trial court with the amount of restitution at the time of sentencing, the trial court failed to set restitution at sentencing, and the trial court failed to

*(Footnote Continued)* ─────────────

court's processes resulted in an untimely appeal." ***Commonwealth v. Khalil***, 806 A.2d 415, 420 (Pa. Super. 2002), *appeal denied*, 818 A.2d 503 (Pa. 2003) (citations omitted).

Here, there is no indication in the record that, following Appellant's withdrawal of his post-sentence motion, the trial court filed an order memorializing his withdrawal. Therefore, the trial court never properly informed Appellant of his appeal rights. ***See id.*** at 420-21.

Furthermore, on November 4, 2014, the trial court issued an order confirming that Appellant's motion for post sentence relief was denied by operation of law pursuant to Pennsylvania Rule of Criminal Procedure 720(B)(3)(a) because the trial judge did not decide the post-sentence motion within 120 days of the filing of the motion. (***See*** Order, 11/04/14). However the docket entries indicate that the November 4, 2014 Order was "entered in error [because] [o]n 7/29/2014 [the] Post-Sentence Motion was withdrawn by counsel and defendant." This indication on the docket was not added until January 26, 2015, nearly two months after Appellant filed his notice of appeal.

Accordingly, we are constrained to find that Appellant's untimely appeal was caused at least in part by a breakdown of the processes of the trial court. Therefore, we will address Appellant's claims on the merits. ***See Khalil***, ***supra*** at 421.

- 4 -

place, on the record, its reasons for modifying the restitution subsequent to sentencing?

(Appellant's Brief, at 6) (most capitalization omitted).

In his first issue, Appellant argues that the evidence at trial was insufficient to support his conviction of criminal mischief graded as a misdemeanor of the third degree. Specifically, he argues that the evidence is insufficient because the Commonwealth did not offer evidence at trial that the damages in this case amounted to more than $500.00 as required by 18 Pa.C.S.A. §§ 3304(a)(2), (b). (*See* Appellant's Brief, at 13). The trial court and Commonwealth both agree that the evidence was insufficient to support Appellant's conviction for a misdemeanor of the third degree. (*See* Trial Ct. Op., at unnumbered page 2; Commonwealth's Brief, at 11). We agree.

Preliminarily, we note that although no sentence was entered on Count Three, the trial court's determination of guilt with no penalty imposed after conviction, constitutes a judgment of sentence which will support an appeal. *See Commonwealth v. Clark*, 746 A.2d 1128, 1131 (Pa. Super. 2000), *appeal denied*, 764 A.2d 1064 (Pa. 2000).

Our standard of review for a challenge to the sufficiency of evidence is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the

above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014) (citations omitted).

Here, after a non-jury trial, the trial court found Appellant guilty of criminal mischief, graded as a misdemeanor of the third degree, in violation of 18 Pa.C.S.A. § 3304(a)(2), which provides that a person is guilty of criminal mischief if he "intentionally or recklessly tampers with tangible property of another so as to endanger person or property[.]" 18 Pa.C.S.A. § 3304(a)(2). With respect to the grading of the offense, 18 Pa.C.S.A. § 3304(b) states "Grading. – Criminal mischief is a . . . misdemeanor of the third degree if he intentionally or recklessly causes pecuniary loss in excess

of $500[.] . . . Otherwise criminal mischief is a summary offense." 18 Pa.C.S.A. § 3304(b).

Because the Commonwealth did not prove that Appellant caused pecuniary loss in excess of $500, (*see* N.T. Trial, at 44-48), the evidence was insufficient to convict him as charged for a misdemeanor of the third degree. *See Commonwealth v. Kincade*, 518 A.2d 297, 299 (Pa. Super. 1986). Rather, the evidence would only have been sufficient to convict him of criminal mischief graded as a summary offense, which does not require evidence of pecuniary damage. *See id.* However, Appellant was charged and convicted of the offense graded as a misdemeanor of the third degree. (*See* N.T. Trial, at 4). Notably, both the Commonwealth and the trial court now agree that Appellant should not have been convicted of a misdemeanor of the third degree. (*See* Trial Ct. Op., at unnumbered page 2; Commonwealth's Brief, at 11).

Appellant's first issue is meritorious. Accordingly, we are constrained to vacate Appellant's conviction of criminal mischief as a misdemeanor of the third degree.

Nevertheless, because the trial court imposed no further penalty for this conviction, Appellant's sentence remains unchanged. Therefore we will address Appellant's second claim on the issue of restitution.

In his second issue, Appellant claims that the modified order of restitution is improper, illegal, and must be vacated. (*See* Appellant's Brief, at 6). Specifically, he argues that the modified order is illegal because no

evidence was provided for the amount of restitution at sentencing, the trial court did not set restitution at sentencing, and the trial court failed to place on the record its reasons for modifying the restitution subsequent to sentencing. (*See id.* at 16). The Commonwealth agrees that "no record exists which serves to demonstrate the basis for the $211.14 ultimately awarded" in restitution and agrees that the restitution award is illegal and must be vacated. (Commonwealth's Brief, at 14; *see id.* at 16). We agree.

Preliminarily, we note that although Appellant did not raise the issue of illegal restitution in his motion for post-sentence relief or in his Rule 1925(b) statement, Appellant did not waive the issue of the legality of his restitution sentence. Appellant raises a non-waivable challenge because this issue challenges the legality of his sentence, as opposed to the trial court's exercise of discretion in fashioning it. *See In re M.W.*, 725 A.2d 729, 731 (Pa. 1999); *see also Commonwealth v. Oree*, 911 A.2d 169, 173 (Pa. Super. 2006) ("When the court's authority to impose restitution is challenged, it concerns the legality of the sentence; however, when the challenge is based on excessiveness, it concerns the discretionary aspects of the sentence.").

Our standard of review for challenges to restitution orders is well settled:

> It is well settled that a challenge to a court's authority to impose restitution is generally considered to be a challenge to the legality of the sentence. A challenge to the legality of a sentence . . . may be entertained as long as the reviewing court has jurisdiction. It is also well-established that if no statutory

authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law; as a result, our standard of review over such questions is *de novo* and our scope of review is plenary.

***Commonwealth v. Gentry***, 101 A.3d 813, 816-17 (Pa. Super. 2014)

(citations and quotation marks omitted).

In the context of a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S.A. § 1106(a), or as a condition of probation under 42 Pa.C.S.A. § 9754, the statute implicated in the instant case. . . . [W]hen restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim.

***Commonwealth v. Kinnan***, 71 A.3d 983, 986-87 (Pa. Super. 2013)

(citations omitted). [3] Furthermore,

When restitution is imposed as a condition of probation under section 9754, the required nexus between the defendant's criminal conduct and the victim's loss is relaxed. ***Commonwealth v. Harriott***, 919 A.2d 234, 238 (Pa. Super. 2007). However, there must be at least an indirect connection between the criminal activity and the loss. ***Id.*** Additionally, "to the extent a sentence of probation is imposed to make restitution for losses caused by the defendant's criminal conduct, there should be proof of the damages suffered." ***Commonwealth v. Hall***, 994 A.2d 1141, 1145 n.3 (Pa. Super. 2010) (*en banc*) (citing ***Harner***, 617 A.2d at 707). Finally, where a sentencing court imposes restitution as a probationary condition, sub-section 9754(c)(8) obligates the court to determine what loss or damage has been caused and what

---

[3] In this case, both the original and modified order of sentence indicate that restitution is a condition imposed on the probationary sentence on Count One, terroristic threats. (***See*** Order, 7/01/14; Order, 7/29/14).

amount of restitution the defendant can afford to pay. 42 Pa.C.S.A. § 9754(c)(8); *see also Hall*, 904 A.2d at 1145 n.3.

*Kinnan*, *supra* at 987.

Here, on July 1, 2014, after sentencing on this matter, the trial court issued a sentencing order that stated "Restitution: Is pending. A hearing is scheduled for July 29[,] 2014". (Order, 7/01/14). On July 29, 2014, the trial court issued a modified order of sentence that stated "Restitution: Defendant is to pay restitution in the amount of $211.14 to Robert Marino." (Order, 7/29/14). Although the trial court indicates that a hearing on restitution was conducted on July 29, 2014, the record does not contain a docket entry or transcript of that hearing and the order modifying the restitution does not contain the trial court's reasons and determination of what loss or damage has been caused and what amount of restitution Appellant can afford to pay. (*See id.*; *see also* Trial Ct. Op, at unnumbered page 2).

Because the record does not show that the trial court considered the amount of loss or damage that Appellant caused, or the amount of restitution that he could afford to pay, we are constrained to conclude that both the July 1, 2014 order of sentence and the July 29, 2014 modified order of sentence violated section 9754. *See* 42 Pa.C.S.A. § 9754; *see also Kinnan*, *supra* at 987-88. Therefore, we are constrained to vacate both orders to the extent they concern restitution and remand this matter to the trial court for resentencing.

Accordingly, we affirm the judgment of sentence as to probation. We vacate the trial court's judgment of sentence and order modifying sentence insofar as they pertain to restitution. We remand this matter to the trial court to conduct a new sentencing hearing, limited to the issue of restitution, consistent with section 9754, and in accordance with this decision.

Judgment of sentence affirmed in part and vacated in part. Case remanded to the trial court for disposition in accordance with this decision. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/17/2015