J-S64003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LESLIE M. FULTZ | |
| Appellant | No. 798 MDA 2017 |

Appeal from the Judgment of Sentence April 13, 2017
In the Court of Common Pleas of Mifflin County
Criminal Division at No(s): CP-44-CR-0000283-2016

BEFORE: PANELLA, J., SHOGAN, J., and FITZGERALD, J. [*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 09, 2017**

Appellant, Leslie M. Fultz, appeals from the judgment of sentence entered on April 13, 2017, in the Mifflin County Court of Common Pleas. Additionally, Fultz's counsel-of-record, Stuart A. Cilo, Esquire, has filed a petition to withdraw from representation, and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the judgment of sentence and grant Attorney Cilo permission to withdraw.

On March 21, 2016, Fultz was charged through a criminal complaint with driving under the influence. Subsequent to a motion *in limine* filed pursuant to the holding in ***Birchfield v. North Dakota***, 136 S.Ct. 2160 (2016), the

---

[*] Retired Justice assigned to the Superior Court.

trial court reduced Fultz's charge to one count of general impairment. Following a bench trial, the trial court convicted Fultz and sentenced him to a period of one to six months' imprisonment. This timely appeal follows.

Prior to addressing the merits of Fultz's requested appeal, we must first examine Attorney Cilo's request to withdraw. The Pennsylvania Supreme Court has articulated the procedure to be followed when court-appointed counsel seeks to withdraw from representing an appellant on direct appeal.

> [I]n the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel arguably believes supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has met his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." **Santiago**, 978 A.2d at 355 n.5 (citation omitted).

Attorney Cilo has substantially complied with all of the requirements of Anders as articulated in **Santiago**.[1] Additionally, Attorney Cilo confirms he sent a copy of the **Anders** brief as well as a letter explaining to Fultz that he

---

[1] Attorney Cilo has failed to highlight Fultz's issue on appeal in the "Statement of Questions Involved" section of his brief. However, Fultz's issue is clear upon a reading of the brief.

has the right to proceed *pro se* or the right to retain new counsel. A copy of the letter is appended to the **Anders** brief and his petition to withdraw as counsel. **See Commonwealth v. Daniels**, 999 A.2d 590, 594 (Pa. Super. 2010); **Commonwealth v. Millisock**, 873 A.2d 748, 749 (Pa. Super. 2005). Fultz did not file a response.

Counsel has identified one issue Fultz believes entitles him to relief. Fultz wishes to challenge the trial court's decision to hold a bench trial, despite Fultz's request for a jury trial.

Similar to the Sixth Amendment of the United States Constitution, Article 1, Section 9 of the Pennsylvania Constitution provides criminal defendants the right to a jury trial. **See** Pa. Const. art. I § 9. However,

> both [the] U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution only guarantee a defendant a right to a jury trial for "serious offenses," or crimes which carry more than a six month maximum prison sentence. In contrast, crimes that carry a maximum of six months' imprisonment or less are considered "petty offenses" for which there is no right to a jury trial.

**Commonwealth v. Langley**, 145 A.3d 757, 760 (Pa. Super. 2016) (citing **Commonwealth v. Mayberry**, 327 A.2d 86, 89 (Pa. 1974)). Fultz's charge of general impairment carried a maximum sentence of six months imprisonment. **See** 75 Pa.C.S.A. § 3803(a)(1). Thus, he was not entitled to a jury trial.

After examining the issues contained in the **Anders** brief and undertaking our independent review of the record, we concur with counsel's assessment that the appeal is wholly frivolous.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/2017